# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# MISSOULA DIVISION

| | |
|---|---|
| WAYNE HUSSAR, <br><br> Plaintiff, <br><br> vs. <br><br> MS. ABENDROTH (Missoula's MASC Counselor) and MS. MARY-ELLEN (Missoula's MSCA I.P.P.O.), <br><br> Defendants. | Cause No. CV 12-00076-M-DLC-JCL <br><br><br> ORDER |

Pending is Plaintiff Wayne Hussar's Amended Complaint.

## I. Statement of the Case

### A. Parties

Hussar is a prisoner proceeding without counsel. He is incarcerated at Crossroads Correctional Center in Shelby, Montana. The named Defendants are Ms. Abendroth, a counselor at the Missoula Assessment and Sanction Center; and Ms. Mary Ellen, an Institutional Probation and Parole Officer at the Missoula Assessment and Sanction Center. Dkt. 1, p. 1.

### B. Factual Allegations

Hussar's allegations in his original Complaint were so vague that they failed

1

to state a claim upon which relief could be granted. After the Court pointed out the defects in Hussar's claims, Hussar was given an opportunity to amend his allegations. The allegations set forth in the Amended Complaint still fail to state a claim upon which relief could be granted. The case will be recommended for dismissal.

### 1.  Ms. Abendroth

Hussar alleges Ms. Abendroth perjured herself on a STG (presumably Security Threat Group) document. He attached a February 2, 2010 narrative by Ms. Abendroth in which she recounts Hussar's statements regarding his involvement with gangs. Ms. Abendroth said his statements were "wishful thinking and based out of grandiosity rather than the truth." Dkt. 1-1. Hussar contends Ms. Abendroth made false statements which are now in law enforcement records. Hussar argues Defendants refusal to correct these mistakes caused him mental stress.

### 2.  Mary Ellen

In his original complaint Hussar alleged Defendant Mary Ellen refused to give him a copy of her institutional misconduct report in which she made false allegations that Hussar threatened her. Dkt. 1, p. 1. In his July 5, 2012 response to the Court's Order regarding his forma pauperis filings, Hussar explained that

Defendant Mary Ellen verbally assaulted him and swore at him about writing her a letter saying he was suing a Helena's prerelease center supervisor for alleged false allegations on his denial to prerelease. Hussar alleges Defendant Mary Ellen allegedly ripped up the letter, threw it in Hussar's face, and said in so many words, don't threaten me. Hussar responded, "Bitch, I never threatened to sue you so don't ever threaten me again or I'll notify my lawyer." Dkt. 7, p. 2.

Based upon this January 2010 incident, Hussar alleges Defendant Mary Ellen discriminated, assaulted, verbally assaulted, and slandered him with false allegations on a poor institutional report. He states, "she 'discriminated' (me) about the 'lawsuit' on Helenas Pre-Release then 'assaulted' me by ripping up the letter, throwing it in my face, then, slandered (me) on "false-allegations' on a ('poor institutional report')". He contends he was denied pre-release as a result of this incident. Dkt. 10, p. 4.

### 3. Litigation History in the Montana Supreme Court

According to the Montana Supreme Court, Hussar was charged with felony criminal endangerment and misdemeanor partner family member assault in December 2008. He plead guilty to criminal endangerment and received a two-year deferred imposition of sentence in January 2009. The sentence was revoked in December 2009 and Hussar was committed to the Department of Corrections for

three years. *State v. Hussar*, 365 Mont. 558 (Mont. 2012).

## II. Prescreening

As set forth in the Court's prior Order, Hussar's Complaint, and now his Amended Complaint fail to state a federal claim for relief. Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). The "plausibility standard" is guided by "[t]wo working principles." *Iqbal,* 129 S.Ct. at 1949. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief will, . . . , be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 129 S.Ct. at 1950. Hussar first alleges that Defendant Abendroth made a false statement in a STG report which is now in his law enforcement records. Slander does not violate the Constitution. *Paul v. Davis*, 424 U.S. 693, 699–701 (1976) (defamation not actionable under section 1983); *Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987)(libel and

4

slander claims precluded by *Paul*). All claims against Defendant Abendroth will be recommended for dismissal.

With regard to Defendant Mary Ellen, Hussar alleges she discriminated against, assaulted, verbally assaulted, and slandered him on false allegations in an institutional report. These allegations fail as a matter of law. Hussar's discrimination allegation is simply a conclusory statement that he was discriminated against. Legal conclusions must be supported by factual allegations. *Iqbal,* 129 S.Ct. at 1950. Hussar has not supported that legal conclusion with sufficient factual allegations to state a claim upon which relief may be granted.

Hussar's allegations that he was verbally assaulted also fail to state a claim. An allegation of "verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under [§ ] 1983." *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *see also Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998). Similarly, as set forth above, slander does not violate the Constitution.

Lastly, the allegations of physical assault fail to state a claim. Throwing a ripped up letter in Hussar's face could hardly be considered excessive force.

> The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. An inmate who

> complains of a "push or shove" that causes no discernible injury
> almost certainly fails to state a valid excessive force claim.

*Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178 (2010). Mr. Hussar's allegations are insufficient to state a plausible claim for excessive use of force.

It is difficult to discern what other claims could arise from the allegation that Defendant Mary Ellen filed a false misconduct report against him. Hussar alleges the incident involving Mary Ellen occurred in January 2010. Hussar's deferred sentence was revoked in December 2009. Presumably he was placed at the Missoula Assessment and Sanction Center to determine his placement within the Department of Corrections. It is not plausible that Hussar had already been denied placement in the Helena pre-release center and also sued Helena pre-release when he had just recently been arrested. His allegations fail to establish a plausible due process or retaliation claim.

Moreover, Hussar faults Defendant Mary Ellen for filing an institutional report stating that he threatened to sue her. Yet he told Defendant Mary Ellen, "don't you ever threaten me again or I'll notify my lawyer." C.D. 7, p. 2. Hussar admits he threatened to sue Defendant Mary Ellen and therefore her statement that he did so is not false.

**III.  Conclusion**

### A. Leave to Amend

Hussar's allegations fail to state a claim upon which relief may be granted. Hussar has been given an opportunity to amend these defects and he failed to do so. This matter should be dismissed with prejudice.

### B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*,

745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. As such, no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

### C. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g).

Hussar has failed to state a claim against Defendants. The dismissal of this case should constitute a strike under 28 U.S.C. § 1915(g).

### D. Address Changes

At all times during the pendency of this action, Hussar SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Hussar has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief.

Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

## RECOMMENDATION

1. This matter should be dismissed with prejudice.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Hussar failed to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Hussar may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and

Recommendations."

If Hussar files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Hussar from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 4th day of October, 2012

_____
Jeremiah C. Lynch
United States Magistrate Judge